**SO ORDERED.**

**SIGNED this 06 day of October, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

MICHAEL PHILLIP JENKINS and  　　　　CASE NO. 10-06877-8-JRL
GINA ROXANNE JENKINS,

　　　　　　　　　　　　　　　　　　　　Chapter 13

　　DEBTORS.


### ORDER

　　This matter came before the court on the debtors' motion to require a secured creditor to resume monthly payment statements. A hearing was held on October 5, 2011, in Raleigh, North Carolina.

　　The debtors filed for relief under chapter 13 of the Bankruptcy Code on August 27, 2010. Green Tree Servicing, LLC ("Green Tree") is listed as a secured creditor and has a lien upon the debtors' home. The debtors intend to retain their home and are paying Green Tree directly. Prior to the debtors' bankruptcy, Green Tree provided the debtors with monthly statements, showing payment receipts, monthly amounts due, and total remaining balance. Shortly after the debtors filed for bankruptcy, Green Tree discontinued the monthly statements. Counsel for Green Tree candidly states that because of accusations in prior cases that such statements violate the automatic stay, Green Tree sends no post-petition statements to North Carolina debtors.

The debtors now move the court to order Green Tree to recommence sending the monthly statements, citing Local Rule 4001-2 for support. Local Rule 4001-2 is titled "SECURED CREDITOR DUTIES" and provides in relevant part: "A secured creditor *may* send all payment coupons or statements of account that the creditor provides to . . . chapter 13 debtors who have indicated in their proposed chapter 13 plan their intent to retain the secured creditor's collateral by complying with the terms of the contract." E.D.N.C. LBR 4001-2(a)(2) (emphasis added).

The purpose of Local Rule 4001-2 was to provide a safe harbor to secured creditors who wished to continue to send monthly payment coupons or statements to debtors; it was not intended to require them to do so. Furthermore, the Bankruptcy Code does not provide a mechanism for the court to impose this affirmative duty upon Green Tree. Outside of a contractual obligation—which does not exist in this case—the debtors simply do not have any right to receive monthly statements from Green Tree. Based on the foregoing, the debtors' motion is **DENIED.**

## END OF DOCUMENT